UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 23-0780-KK-JDEx | Date: | November 1, 2024 |
| Title: | *Breanna Ballard v. Golden Corona, LLC, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject-Matter Jurisdiction**

## I.
## BACKGROUND

On May 4, 2023, plaintiff Breanna Ballard ("Plaintiff") filed a Complaint against Golden Corona Square, LLC ("Golden Corona"), Shades of Afrika, and Charles Johnson ("Johnson") alleging violations of Title III of the Americans with Disabilities Act (ADA), Unruh Civil Rights Act, and California Disabled Persons Act.  ECF Docket No. ("Dkt.") 1, Complaint.

The Complaint arises from Plaintiff's visit to a strip mall located at 1390 W. 6th Street, Corona, California 92882, to eat lunch with a friend at a restaurant.  Compl. ¶ 5, 23.  When she arrived, Plaintiff alleges "the ramped pathway allowing access to the strip mall sidewalk . . . was blocked by a vehicle parked on the ramp."  Dkt. 61-1 at 5.  Plaintiff also alleges the owner of the car is defendant Johnson.  Id.  Plaintiff alleges there was "faint lettering and striping of 'NO PARKING' on the ramp," but the lettering had faded.  Compl. ¶ 24.  Defendant Golden Corona owns the real property located at 1390 W. 6th Street, Corona, California 92882.  Id. at ¶ 8.

///

///

///

Based on these allegations, Plaintiff filed the operative Complaint, asserting the following claims:

(1) Violation of Title III of the ADA pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii), (iv) and 42 U.S.C. § 12183(a)(2) against defendants Golden Corona, Shades of Afrika, and Johnson for failing to make reasonable modifications in policies, practices, or procedures; failure to remove architectural barriers where removal is readily available; and failure to make alterations such that the facility is readily accessible to individuals with disabilities;

(2) Violation of the Unruh Civil Rights Act against defendants Golden Corona, Shades of Afrika, and Johnson[1] for violating Title III of the ADA; and

(3) Violation of the California Disabled Persons Act against defendant Johnson.

Dkt. 42 at 7-10.

On June 15, 2023, Plaintiff requested dismissal of defendant Golden Corona and "his (sic) claims for injunctive relief concerning the physical design of the facility." Dkt. 9. Thus, Plaintiff stated only "Plaintiff's claims for policy relief and damages remain." Id.

On June 27, 2023, the Clerk entered default against defendant Shades of Afrika. Dkt. 11.

On September 8, 2023, the Clerk entered default against defendant Johnson. Dkt. 32.

On October 16, 2023, defendant Johnson filed a Motion to Set Aside Default against defendants Shades of Afrika and Johnson. Dkt. 38. The Court partially granted defendant Johnson's motion, setting aside default against defendant Johnson. Dkt. 41 at 3. However, the Court denied the request as to defendant Shades of Afrika, a corporation, because defendant Johnson, a non-attorney, could not appear on behalf of defendant Shades of Afrika. Id.

On October 30, 2023, defendant Johnson filed an Answer.[2] Dkt. 42.

---

[1] The Court notes the Unruh Civil Rights Act only applies to ADA violations by a business establishment. Brennon B. v. Superior Ct., 13 Cal. 5th 662, 691-92 (2022), reh'g denied (Aug. 31, 2022) (stating the Court of Appeal correctly analyzed Civil Code section 51, subdivision (f), the Unruh Civil Rights Act, "and rightly concluded that [the Act] makes any violation of the ADA *by a business establishment* a violation of the Unruh Civil Rights Act") (emphasis in original and internal quotation marks omitted).

[2] To the extent defendant Johnson intended to file an Answer on behalf of defendant Shades of Afrika, as defendant Johnson was previously advised, an entity must be represented by counsel. See Local Rule 83-2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.").

On September 9, 2024, Plaintiff filed a Motion for Summary Judgment ("Motion").[3] Dkt. 62.

## II.
## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by [the] Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. The Court has an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction has the burden of establishing jurisdiction. Kokkonen, 511 U.S. at 377.

"[T]o invoke the jurisdiction of the federal courts, [an individual with a disability] claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). To establish standing, Plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to [defendant's] actions, and that the injury can be redressed by a favorable decision." Id. To establish injury-in-fact, Plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Additionally, "[a] plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" Chapman, 631 F.3d at 948 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

Remedies for violations of Title III of the ADA are limited to injunctive relief, but a court has discretion to award attorneys' fees. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Therefore, a plaintiff seeking relief under Title III of the ADA "must establish a 'real and immediate threat of repeated injury.'" Chapman, 631 F.3d at 948 (citing Lyons, 461 U.S. 95 at 111)). To prevail on a claim under 42 U.S.C. § 12182(b)(2)(A)(ii), a plaintiff must establish "(1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or

---

[3] Plaintiff argues she is entitled to judgment as a matter of law on the following causes of action: (1) violation of Title III of the ADA pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) against defendants Shades of Afrika and Johnson for failing to make reasonable modifications in policies, practices, or procedures, failure to remove architectural barriers where removal is readily available and failure to make alterations such that the facility is readily accessible to individuals with disabilities; (2) violation of the Unruh Civil Rights Act against defendants Shades of Afrika and Johnson for violating Title III of the ADA; and (3) violation of the California Disabled Persons Act against defendant Johnson. Dkt. 61-1 at 2-9. In support of the Motion, Plaintiff filed three declarations, a declaration by Plaintiff's attorney, Dennis Price, dkt. 61-3, a declaration by Plaintiff, dkt. 61-4, and a declaration by Plaintiff's investigator, Randall Marquis ("Marquis"), dkt. 61-5.

practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

When claiming a defendant failed to make reasonable modifications in policies, practices, or procedures, "[a] plaintiff may demonstrate that [an] injury is likely to recur by showing that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy." Fortyune, 364 F.3d 1075 at 1081 (quoting Armstrong v. Davis, 275 F.3d 849, 861 (9th Cir. 2001)) (cleaned up). "[W]here the harm alleged is directly traceable to a written policy . . . there is an implicit likelihood of its repetition in the immediate future." Armstrong, 275 F.3d at 861 (citation omitted). Plaintiff may also demonstrate the harm is part of a "pattern of officially sanctioned . . . behavior, violative of plaintiff['s] federal rights." Id. (quoting LaDuke v. Nelson, 762 F.2d 1318, 1323 (9th Cir. 1985) (internal quotation marks omitted). "Thus, where [defendant has] repeatedly engaged in the injurious acts in the past, there is a sufficient possibility that they will engage in them in the near future to satisfy the 'realistic repetition' requirement." Id. However, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]" Lyons, 461 U.S. at 102 (citation omitted). A plaintiff must allege "continuing, present adverse effects" stemming from the defendant's actions. Id.

**A.    ADA AND UNRUH CIVIL RIGHTS ACT CLAIMS**

Here, the allegations in the Complaint and Motion do not demonstrate a "real and immediate threat" that the injury of parking a car on the ramp will be repeated. First, Plaintiff has not identified a written policy of defendants Shades of Afrika or Johnson that led to the alleged violation.[4] Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011) ("[F]or purposes of [Federal Rule of Civil Procedure 8], a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself[.]").

Second, Plaintiff has not provided factual allegations demonstrating defendants have a pattern of practice parking on the ramp. To the contrary, Plaintiff submitted photos taken by Plaintiff's investigator Randall Marquis of the ramp as of August 27, 2024, showing the accessible parking spot is repainted and the ramp is repainted with two, large "NO Parking" demarcations. Dkt. 61-6, Exhibit 2. Thus, the Court cannot conclude, based on the record, Plaintiff has shown her injury is likely to recur and, thus, lacks standing for injunctive relief under the ADA.

**B.    CALIFORNIA DISABLED PERSONS ACT**

In the event Plaintiff's ADA and Unruh Civil Rights Act claims are dismissed for lack of standing, the Court does not have original jurisdiction over the remaining state claim under the California Disabled Persons Act, nor does it appear the Court has diversity jurisdiction because it appears both Plaintiff and defendant Johnson are citizens of California and the amount in

---

[4] Notably, Plaintiff has filed a Motion for Summary Judgment arguing Plaintiff is entitled to judgment based on a theory of discrimination but fails to provide any evidence of a practice or procedure from which the Court could find the alleged injury is likely a result of the practice, policy, or procedure employed by defendants Shades of Afrika and Johnson.

controversy does not exceed $75,000.  <u>See</u> Compl. at 2-3, 12.  Hence, the Court declines to address this claim at this time.

## V.
## CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE, in writing, no later than twelve (12) days from this Order, why this action should not be dismissed for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**